```
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF FLORIDA

                                      CASE NO. 09-20297-CIV-MARTINEZ
                                      MAGISTRATE JUDGE P.A. WHITE

NELSON A. RUSSE,              :

       Plaintiff,             :       PRELIMINARY REPORT
                                      OF MAGISTRATE JUDGE
v.                            :

OFFICER LOSA, ET AL.,         :

       Defendants.            :
_____
```

I.   Introduction

The plaintiff Nelson A. Russe, currently housed at the Calhoun Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

II.   Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

   Sec. 1915 Proceedings in Forma Pauperis

                     *   *   *

>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    \*   \*   \*
>
>    (B) the action or appeal –
>
>    \*   \*   \*
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

3

A.   Statement of Claims

The plaintiff names the following defendants:

1.   City of Miami Police Officer A. Losada (ID# 04159)
2.   City of Miami Police Officer O. Merced (ID# 04725)
3.   City of Miami Police Officer Y. Borrego (ID# 00604)
4.   City of Miami Police Officer J. Seigle(ID# 06370)
5.   City of Miami Police Officer T. Moloney (ID# 04935)
6.   City of Miami Police Officer J. Prieto (ID# 07062)
7.   City of Miami Police Officer R. Buigues (ID# 00716)
8.   City of Miami Police Officer P. Miller (ID# 05709)
9.   City of Miami Police Officer Castillo(K-9 Officer)

The plaintiff alleges that on August 21, 2007, after attempting to flee from the defendant police officers, K-9 Officer Castillo unnecessarily commanded his K-9 to attack and bite him repeatedly despite the fact that he complied with orders to lay on the ground with his hands behind his back. He claims that the eight other officers cheered and encouraged to dog to bite and "kill him" and failed to intervene to stop the attack. The plaintiff also claims that one of the other eight officers also had a K-9 and he ordered the second K-9 to attack him. The plaintiff claims that he was severely physically injured and he seeks monetary damages.

B.   Analysis

Excessive Force Upon Arrest

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." <u>Brosseau v. Haugen</u>, 543 U.S. 194, 197 (2004) (citing <u>Tennessee v. Garner</u>, 471 U.S. 1 (1985) and <u>Graham v. Connor</u>, 490 U.S. 386 (1989)). Thus, "[t]he question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1347 (11 Cir. 2002). In this respect, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." <u>Graham</u>, 490 U.S. at 396. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." <u>Id.</u> at 396 (quotations omitted). This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Id.</u> at 396. In addition, other considerations include: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." <u>Hadley v. Gutierrez</u>, 526 F.3d 1324, 1329 (11 Cir. 2008) (quotation omitted). In this respect, the Supreme Court has "recognized that the right

5

to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396.

The plaintiff has stated sufficient facts under the Twombly or any "heightened pleading" standard so that the case should proceed against all defendants, as the plaintiff has alleged that these officers violated his Fourth Amendment rights by using excessive force upon his arrest, causing severe physical injuries and by faiing to intervene. He alleges specifically that Castillo ordered his K-9 to attack him despite the fact that he was already subdued on the ground, and the other officers stood by, encouraged the dog to harm him, and failed to intervene to call off the dog. The plaintiff also claims that one of the other eight officers also commanded a second dog to attack. Understandably, the plaintiff cannot specifically identify the second K-9 officer or allege the precise position of each officer at the arrest scene. The allegation that all of the named defendants were present, were in a position to intervene and failed to intervene to stop a possibly unconstitutional attack suffices to state a claim that may proceed beyond this screening stage against all of the officers. Furthermore, a determination of whether the defendants might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

The plaintiff has not specified whether he intends to sue the defendant deputies in their individual and official capacities. A §1983 suit against the defendants in their official capacity is tantamount to a suit against the State, and thus the defendants would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations

of the complaint, however, state a classic case of officials acting outside the scope of their duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendants in their individual capacity.

### III. Recommendation

Based on the foregoing, it is recommended that the claims of excessive force and failure to intervene under the Fourth Amendment proceed against all defendants, in their individual capacities.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 10th day of February, 2009.

                                                             UNITED STATES MAGISTRATE JUDGE

cc: Nelson A. Russe, Pro Se
    DC No.  B06289
    Calhoun Correctional Institution
    19562 S.E. Institutional Drive, Unit 1
    Blountstown, FL 32424